### SETH F. HANCHETT
#### v.
### LOUIS WEBER ET AL.

1. CA. SA.—PARTIAL SATISFACTION.—A judgment debtor, imprisoned under the Insolvent Debtor Act, by virtue of a writ of *capias ad satisfaciendum*, is entitled to a credit, upon such writ, of $1.50 at the end of and for every day he is imprisoned, irrespective of whether the duration is sufficient to satisfy the writ in full or not.

2. STATUTE—CONSTRUCTION.—It is a rule of construction that that which is implied in a statute is as much a part of it as what is expressed; and American courts incline to a liberal construction in favor of persona liberty.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed October 29, 1885.

Hanchett v. Weber.

The appellees, Weber and Friedman, in January, 1885, having a *ca sa.*, in their favor, against one J. B. Wolf, for a sum exceeding one hundred dollars, it was delivered to Hanchett, the appellant, as sheriff of Cook county, to be executed. The latter took Wolf under the writ and committed him to jail. The plaintiffs in the writ paid Wolf's board in jail, as required by the statute; after the latter had remained in jail twenty-one days, and which imprisonment, at $1.50 per day, amounted to the sum of $31.50, Wolf having caused the balance over and above that sum, due upon the execution, to be paid to the sheriff, the latter discharged him and returned the execution satisfied in part by imprisonment, and part by said payment, in accordance with the facts.    Whereupon Weber and Friedman brought this action against the sheriff, to recover the $31.50, which he had allowed, on the execution, for the twenty-one days' imprisonment, and the above facts being stipulated also, that Wolf was not entitled to relief under Chap. 72 of the statutes, concerning insolvent debtors, the court gave judgment for said amount against appellant.

Messrs. CAMPBELL, HAMILTON & CUSTER, for appellant; as to rule of construction of a remedial statute, cited C., B. & Q. R. R. Co. v. Dunn, 52 Ill. 260; Conkling v. Ridgely, 112 Ill. 43.

Mr. PHILIP STEIN, for appellees; that it is not permitted to interpret what has no need of interpretation, cited Potter's Dwarris on Statutes, 126, 143.    Sedgwick on Constructions of Statutory Law, 194; Fisher v. Blight, 2 Cranch, 358; Cooley's Const. Lim. 55.

McALLISTER, J.    The question submitted to the court below, by the agreed case, and for decision here, is whether or not the discharge of Wolf from imprisonment, under the execution against his body, was wrongful on the part of the sheriff; or, in other words, whether it was proper for the sheriff, under the provisions of the Insolvent Debtor Act, to credit Wolf, upon the execution, with the sum of thirty-one dollars

and fifty cents, on account of his twenty-one days' imprisonment. Section 34 of that act provides: "In any case where the defendant arrested upon final process shall not be entitled to relief under the provisions of this act, if the plaintiff will advance the jail fees and board in manner hereinbefore provided, the defendant may be imprisoned at $1.50 per day until the judgment shall be satisfied, and the officer making the arrest shall indorse the execution: Satisfied in full by imprisonment."

It is stipulated that Wolf was not entitled to relief under the provisions of the act. He was therefore within the condition prescribed in said § 34. But it is insisted by appellee's counsel, that a defendant so arrested is entitled, under that section, to no credit on the execution, except when he is imprisoned the requisite time, at $1.50 per day, to satisfy the execution in full. That position is, in effect, that if such imprisonment fell short for a day or even an hour of such requisite time to satisfy it in full, no credit at all was to be allowed on account of such imprisonment. To sustain that view would manifestly be to apply to the statute the rules of strict construction. What are the provisions of the section under consideration? When a defendant is arrested upon final process and shall not be entitled to *relief* under the provisions of the Insolvent Debtor Act, then if the plaintiff will advance the jail fees and board in the manner therein before provided, the defendant may be imprisoned at $1.50 per day. How long may he be thus imprisoned? The statute answers: "Until the judgment shall be satisfied." When that takes place, what shall the sheriff do? Why he shall indorse the execution: "Satisfied *in full* by imprisonment." Does not that expression, "satisfied *in full* by imprisonment," imply, when taken in connection with what precedes it, that if the duration of the imprisonment fall short of what is necessary to operate as a satisfaction, "in full," it may nevertheless be taken as a satisfaction *pro tanto*, or in part, and devolve the duty upon the officer to make the indorsement on the writ according to the fact? We are inclined to the opinion that such an implication must arise from a fairly liberal construction of the statute.

Hanchett v. Weber.

It is a rule of construction that that which is implied in a statute is as much a part of it as what is expressed. Potter's Dwarr. on Stat. 145; U. S. v. Babbitt, 1 Black, 55.

It is entirely clear that several of the provisions of Chap. 72 concerning insolvent debtors, including Sec. 34 in question, were intended as a restraint upon judgment creditors, as regarded the imprisonment of their debtors, and to afford relief to the latter from the rigors of the old common law in that respect. One of the conditions to the relief provided in § 34 is, that the defendant, arrested on final process, is not entitled to *relief* under the other provisions of the act. Were it not for these provisions, a judgment creditor in an action of tort might be imprisoned for life, if so poor and destitute of friends as to be unable to pay the judgment and costs. Such provisions having for their basis motives of humanity, should be liberally and beneficially construed, according to the true intent of the legislature. American common law leans toward that construction of all statutes which is in favor of personal liberty, not that which is against personal liberty. Elum v. Rawson, 21 Geo. 142; Sedg. on Con. of Stat., 2d Ed., 223 and notes.

In addition to the common law rules of construction, our legislature has declared: " All general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the legislature may be fully carried out." 2 Starr & C. Stat. 2324.

We are of opinion that at the end of, and for every day Wolf was imprisoned under the execution, he was entitled to a credit upon such writ of $1.50, irrespective of whether the duration was sufficient to satisfy the writ in full or not.

The judgment of the court below will be reversed.

Judgment reversed.